UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

| | |
|---|---|
| MITCHELL FARKAS, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 6:14-150-DLB |
| ) | |
| v. ) | |
| ) | |
| J.C. HOLLAND, WARDEN, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Respondent. ) | |

\*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\*

**INTRODUCTION**

Mitchell Farkas is an inmate confined by the Bureau of Prisons ("BOP") in the United States Penitentiary ("USP")-Canaan, located in Waymart, Pennsylvania.[1] Proceeding without an attorney, Farkas has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1], challenging the enhancement of his federal sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C.A. § 924(c)(1)(A).

In conducting an initial review of habeas petitions under 28 U.S.C. § 2243, the Court must deny the relief sought "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). Because Farkas is not

---
[1] When Farkas filed this habeas proceeding on June 24, 2014, he was confined in the USP-McCreary located in Pine Knot, Kentucky. Farkas was subsequently transferred to the USP-Canaan. [R. 6] This Court must address the § 2241 petition, because jurisdiction over a § 2241 petition is determined at the time the proceeding is filed, and the subsequent transfer of the prisoner will not defeat habeas jurisdiction. *White v. Lamanna*, 42 F. App'x. 670, 671 (6th Cir. 2002); *Walker v. Hogsten*, No. 10-CV-276–ART, 2011 WL 2149098, at \*2 n.2 (E.D. Ky. May 31, 2011)

1

represented by an attorney, the Court evaluates his petition under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). Thus, at this stage of the proceedings, the Court accepts Farkas's factual allegations as true and liberally construes his legal claims in his favor.

The Court has reviewed Farkas's habeas petition, but concludes that the Supreme Court case which Farkas has cited does not apply retroactively to his § 2241 petition, and further, that it cannot grant the relief which Farkas seeks in this action, *i.e.*, an order vacating the two concurrent federal sentences which he is currently serving. The Court will therefore deny Farkas's § 2241 petition, deny as moot his "Motion to Abate" [R. 7], and dismiss this proceeding.

## BACKGROUND

On October 15, 2003, a federal jury in Louisiana found Farkas guilty of one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). *United States v. Mitchell Leon Farkas*, No. 01-91-JJB-SCR (M. D. La. 2001) [R. 71, therein] On April 22, 2004, the district court sentenced Farkas to a 293-month prison term, followed by a 5-year term of supervised release. [R. 97, therein]

Farkas appealed, arguing, among other things, that the district court erred by sentencing him as an armed career criminal under 18 U.S.C. § 924(e)(1). The Fifth Circuit Court of Appeals affirmed Farkas's conviction and sentence, holding that when the government filed a post-verdict notice and attached thereto documents that reflected Farkas's many state-court convictions, it provided him with adequate notice of its intention to seek sentencing as an armed career criminal. *United States of America v. Mitchell Leon Farkas*, 134 F. App'x 672 (5th Cir. 2005). Farkas sought review in the United States Supreme Court, but on October 3, 2005, his petition for writ of *certiorari* was denied. *Mitchell Leon Farkas v. United States*, 546 U.S. 925, 126 S.Ct. 317 (2005).

On July 23, 2007, Farkas filed a motion to vacate his sentence under 28 U.S.C. § 2255, alleging therein that during his criminal proceeding, he had been denied effective assistance of counsel. [R. 127, therein] The Magistrate Judge entered a Report and Recommendation ("R & R") concluding that the § 2255 motion should be denied as untimely. [R. 127, therein] Farkas objected, but on November 13, 2007, the district court adopted the R & R and denied the § 2255 motion as untimely. [R. 129, therein] Farkas appealed, but on December 4, 2008, the Fifth Circuit Court of Appeals denied him a certificate of appealability. [R. 145, therein; *United States v. Mitchell Leon Farkas*, No. 08-30167 (5th Cir. Dec. 4, 2008)].

Farkas's criminal problems resulting from illegal firearm possession were not limited to the state of Louisiana. On March 29, 2006, a federal indictment was returned in Alabama, charging Farkas with having been a felon in possession of a firearm on October 30, 2002, in violation of 18 U.S.C. § 922(g). *United States v. Mitchell Leon Farkas*, No. 1:06-CR-1119-UWC-JEO (N. D. Ala. 2006) [R. 1, therein] On June 15, 2006, Farkas pleaded guilty to the § 922(g) offense, and on that same date, entered into a Plea Agreement in which he admitted that he was guilty of the firearm charge; waived his rights to appeal his conviction and to file a collateral challenge to his conviction; and acknowledged that in light of *United States v. Booker*, the federal sentencing guidelines were advisory and that the court was not required to sentence him within those guidelines. [R. 13, therein]

On October 5, 2006, the district court sentenced Farkas to a 180-month prison sentence, but ordered it to run concurrently with the federal sentence that had previously been imposed in Louisiana. *See* Minute Entry from 10/5/06. On October 10, 2006, the Judgment in a criminal case was filed. [R. 21, therein] Farkas did not appeal his Alabama federal sentence.

3

## CLAIMS ASSERTED IN § 2241 PETITION

Farkas challenges his concurrent federal sentences, arguing that he should have received a maximum sentence of no more than 120 months for a firearm offense under 18 U.S.C. § 922(g), and that the district courts in both Louisiana and Alabama incorrectly enhanced his sentences under the ACCA. Farkas states that the district court in Louisiana incorrectly determined that he qualified as an armed career criminal under 18 U.S.C. § 924(e)(1),[2] and that the district court in Alabama subsequently relied on the pre-sentence investigation report filed in the Louisiana criminal proceeding. [*Id.*]

Farkas first alleges that based on false representations from the government, the district court in Louisiana incorrectly determined that he had three prior state court convictions for "generic robbery" which qualified as violent felonies for sentence enhancement under the ACCA. [R. 1, p. 9] Farkas argues that his prior state court convictions for burglary did not qualify as predicate offenses under the ACCA. Farkas maintains that for the crime of burglary to be considered as a violent felony under the ACCA, he would have been required to unlawfully enter a building or structure, but that because the Louisiana burglary statute under which he was convicted did not require unlawful entry of a structure, he was not convicted of "generic burglary" as defined by the

---

[2]
    The ACCA imposes a mandatory minimum sentence of fifteen years on career criminals. The statute provides:

> In the case of a person who violates section 922(g) of this title and has three previous convictions ... for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be ... imprisoned not less than fifteen years....

18 U.S.C. § 924(e)(1).

The statute defines career criminals as those people who have committed three predicate violent felonies "on occasions different from one another."

ACCA. Farkas thus contends that because his prior convictions for robbery did not meet the definition of "generic robbery" as defined in the ACCA, the district courts in both Louisiana and Alabama incorrectly determined that he had three predicate convictions necessary to increase his sentence under § 924(e). [*Id*., pp. 8-9].

Second, Farkas claims that the district court in Louisiana improperly relied upon prior convictions which were not listed in the government's enhancement notice. Third, Farkas claims that in his Alabama criminal proceeding, the government did not provide him with notice of its intention to seek an enhanced sentence, and that the district court there merely relied on the prior enhancement determinations made by the district court in Louisiana.

The sentencing challenges which Farkas asserts allege a violation of the Fifth Amendment of the U.S. Constitution, which guarantees due process of law, and/or a violation of the Sixth Amendment of the U.S. Constitution, which guarantees a trial by jury in criminal proceedings. Farkas argues that a recent Supreme Court decision, *Descamps v. United States*, ––– U.S. –––, 133 S.Ct. 2276, 186 L.Ed.2d 438 (2013), supports his argument that his prior burglary convictions no longer qualify as predicate offenses under the ACCA. Farkas further asserts that *Descamps* applies retroactively to his case and affords him relief from his concurrent sentences. [R. 1, p. 11]

In *Descamps*, the Supreme Court examined whether a state-law burglary conviction was a "violent felony" within the meaning of the ACCA. *Id.* at 2282. The Court held that when determining whether a prior conviction qualifies as a predicate offense under the ACCA, sentencing courts may not apply the "modified categorical approach" when the crime of which the defendant was convicted has a single, indivisible set of elements. *Id.* at 2282–83 (describing the differences between the "categorical approach" and the "modified categorical approach"). The Court clarified that a sentencing court "may use the modified approach only to determine which alternative element

in a divisible statute formed the basis of the defendant's conviction." *Id.* at 2293.

Farkas alleges that based on *Descamps*, his prior state court burglary convictions no longer qualify as a violent felonies under the ACCA; that his enhanced, 293-month sentence from Louisiana (which includes the 180-month concurrent sentence imposed in Alabama) should be vacated; and that he should be re-sentenced to a 10-year maximum sentence, then released from his unlawful confinement.

**DISCUSSION**

As a general rule, 28 U.S.C. § 2255 provides the correct avenue to challenge a federal conviction or sentence, whereas a federal prisoner may file a § 2241 petition if he is challenging the execution of his sentence (*i.e.*, the BOP's calculation of sentence credits or other issues affecting the length of his sentence). *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001); *see also Charles v. Chandler*, 180 F.3d 753, 755–56 (6th Cir. 1999). The Sixth Circuit has explained the difference between the two statutes as follows:

> [C]ourts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the [jurisdiction of the] sentencing court under 28 U.S.C. § 2255, and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241.

*Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009) (internal quotation marks omitted). In short, 28 U.S.C. § 2255 provides the primary avenue for federal prisoners seeking relief from an unlawful conviction or sentence, not § 2241. *See Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003).

Here, Farkas is not challenging the execution of his sentence, such as the BOP's computation of sentence credits or parole eligibility, issues which fall under the ambit of § 2241. Instead, Farkas

contends that based on *Decamps*, his ACCA-enhanced sentence violates his constitutional rights; that because he does not qualify as an armed career criminal, his 293-month sentence is erroneous; and that he should be resentenced without the ACCA enhancement. Farkas is thus challenging the constitutionality of his 293-month sentence on Fifth and/or Sixth Amendment grounds, under § 2241 by way of the "savings clause" of § 2255(e). However, as explained herein, § 2241 is not the proper mechanism for making this claim.

A federal prisoner may challenge the legality of his detention under § 2241 only if his remedy under § 2255(e) is found to be inadequate or ineffective. *Wooten v. Cauley*, 677 F.3d 303, 306-07 (6th Cir. 2012). This exception does not apply where a prisoner fails to seize an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law, or actually asserted a claim in a prior post-conviction motion under § 2255 but was denied relief. *Charles*, 180 F.3d at 756. Further, a prisoner proceeding under § 2241 can implicate the savings clause of § 2255 if he alleges "actual innocence," *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003), and a petitioner may *only* pursue a claim of actual innocence under § 2241 when that claim is "based upon a new rule of law made retroactive by a Supreme Court case." *Townsend v. Davis*, 83 F. App'x 728, 729 (6th Cir. 2003). "It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective." *Charles*, 180 F.3d at 756.

Farkas contends that his § 2255 motion was inadequate or ineffective because *Descamps*, decided after his § 2255 motion was denied, supports his argument that the district court improperly determined that he qualified for an ACCA-enhanced sentence. Farkas's contention that he can proceed under § 2241 lacks merit, however, because the Supreme Court did not indicate in *Descamps* that its holding applies retroactively to cases on collateral review, such as the § 2241 petition which Farkas has filed in this proceeding. The Supreme Court has unequivocally stated that

7

"a new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive." *Tyler v. Cain*, 533 U.S. 656, 663 (2001).

Several courts, including this Court, have determined that *Descamps* does not apply retroactively to cases on collateral review, under either § 2241 or § 2255. *See*, *e.g.*, *Whittaker v. Chandler*, 574 F. App'x 448 (5th Cir. 2014); *Groves v. United States*, Case No. 12-3253, 2014 WL 2766171, at *4 (7th Cir. June 19, 2014) ("To date, the Supreme Court has not made *Descamps* retroactive on collateral review."); *Oman v. Cross*, 2014 WL 3733981, at **2-3 (S.D. Ill. July 29, 2014) (denying § 2241 petition and stating, "*Descamps* is a new statutory interpretation case, but it does not represent a change in the law that has any relevance to petitioner's circumstances…. Moreover, even if *Descamps* did adopt a new rule of law, the new law has not been made retroactive by the Supreme Court.); *United States v. Patrick*, Nos. 6:06-CR-34-DCR; 6:14-CV-7357-DCR, 2014 WL 2991857, at *2 (E.D. Ky. June 30, 2014) (finding that *Descamps* did not afford retroactive relief under 28 U.S.C. § 2255); *Larvie v. United States*, No. CIV 14-3006, 2014 WL 2465588, at *5 (D.S.D. June 2, 2014) (denying motion based on *Descamps* and noting that the court had found no cases that had found *Descamps* retroactively applicable on collateral review); *Wilson v. Holland*, No. 13-CV-164-DCR, 2014 WL 517531, at *3 (E.D. Ky. Feb. 10, 2014) (denying §2241 petition based on *Descamps*); *Hoskins v. Coakley*, No. 4:13-CV-1632, 2014 WL 245095, at *5 (N.D. Ohio Jan. 22, 2014) (holding that *Descamps* did not apply retroactively and did not provide a basis for relief under § 2241).[3] Contrary to Farkas's argument, *Descamps* does not afford him retroactive

---
[3] *See also Randolph v. United States*, No. CCB-13-1227, 2013 WL 5960881, at *1(D. Md. Nov. 6, 2013) ("The Supreme Court has not, however, indicated that *Descamps* applies retroactively to cases on collateral appeal, and this court is not aware of any circuit court opinion so holding."); *United States v. Sanders*, No. 4:03-CR-154, 2013 WL 5707808, at *2 n. 25 (N.D. Ohio Oct. 18, 2013) (noting that *Descamps* has not been made retroactive to cases on collateral attack); *Roscoe v. United States*, Nos. 2:11-CR-37-JHH-RRA, 2:13-CV-8006-JHH, 2013 WL 5636686, at *11 (N.D. Ala. Oct.16, 2013) (same); *Strickland v. English*, No. 5:13-CV-248-RS-EMT, 2013 WL 4502302, at *8 (N.D. Fla. Aug. 22, 2013) ("*Descamps* does not open the § 2241 portal" to review the claim under the savings clause).

relief.

Finally, Farkas does not claim that he is actually innocent of either of the § 922(g) firearm offenses of which he was convicted in Louisiana and Alabama; he alleges *only* that he must serve a 293-month sentence instead of a maximum 120-month sentence. Farkas thus contends that he has been ordered to serve too much time in federal prison, not that he "stands convicted of 'an act that the law does not make criminal.'" *Carter v. Coakley*, No. 4:13 CV 1270, 2013 WL 3365139 (N.D. Ohio July 3, 2013) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)).

Farkas's arguments on this issue fail because claims of sentencing error do not qualify as "actual innocence" claims under § 2241. *See Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003); *Hayes v. Holland*, 473 F. App'x 501, 502 (6th Cir. 2012) ("Hayes does not assert that he is actually innocent of his federal offenses. Rather, he claims actual innocence of the career offender enhancement. The savings clause of section 2255(e) does not apply to sentencing claims."). The savings clause of § 2255 extends only to petitioners asserting actual innocence claims as to their underlying convictions, not their sentences. *Jones v. Castillo*, 489 F. App'x 864, 866 (6th Cir. 2012); *Reminsky v. United States*, 523 F. App'x 327, 329 (6th Cir. 2013) ("The savings clause under § 2255(e) does not apply to sentencing claims."); *see also De La Cruz v. Quintana*, No. 5:14-CV-28-KKC (E.D. Ky.) [R. 18], *aff'd*, *De La Cruz v. Quintana*, No. 14-5553, p. 3 (6th Cir. Oct. 27, 2014) ("… § 2255's savings clause does not apply when a challenge is made to a sentencing enhancement."); *Randolph v. Farley*, No. 7:14-49-ART (E.D. Ky.) (R. 6 and R. 9, therein, rejecting federal prisoner's § 2241 petition asserting claims based on *Descamps* as an impermissible sentencing challenge).

Because Farkas contests only the validity of his concurrent federal sentences, he cannot demonstrate "actual innocence" which would afford him relief under § 2241. The Court will

9

therefore deny Farkas's § 2241 habeas petition, deny as moot his "Motion to Abate," and dismiss this proceeding.

## CONCLUSION

Accordingly, it is hereby **ORDERED** as follows:

1. Farkas's 28 U.S.C. § 2241 petition for a writ of habeas corpus [R. 1] is **DENIED**

2. Farkas's "Motion to Abate" [R. 7] is **DENIED** as **MOOT**.

3. The Court will enter a separate Judgment.

4. This habeas proceeding is **DISMISSED** and **STRICKEN** from the Court's docket.

This 12th day of November, 2014.

Signed By:
David L. Bunning
United States District Judge

G:\DATA\ORDERS\ProSe\Farkas 6-14-cv-150 MOO.wpd